## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **James H. Anderson, Inc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08 CV 6202** |
| **v.** | ) | |
| | ) | **HONORABLE DAVID H. COAR** |
| **Donald L. Johnson, Julie A. Boynton, and** | ) | |
| **Joseph T. Gentleman,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James H. Anderson, Inc. ("Plaintiff" or "JHA") brings a complaint alleging a

single state cause of action for legal malpractice against Defendants Donald L Johnson, Julie A.

Boynton, and Joseph T. Gentleman (collectively, "Defendants"). Compl. ¶ 29-41. The

complaint alleges that Defendants, all Illinois attorneys, were retained by Plaintiff, an Illinois

corporation, in February 2007 to file a copyright infringement action alleging that Northwestern

University and several other defendants had violated the Copyright Act, 17 U.S.C. § 501 et seq.

Defendants filed an action the action on May 3, 2007. No. 07 CV 2485, Dkt. On April 16, 2008,

this Court granted summary judgment in favor of the defendant in that action because the statute

of limitations barred Plaintiff's infringement claims. Plaintiff filed this instant malpractice suit

against Defendants on October 29, 2008. Defendants now bring a motion to dismiss for lack of

subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Plaintiff contends that this court has subject matter jurisdiction over its state law

malpractice claim pursuant to 28 U.S.C. § 1338(a), which states:

> The district courts shall have original jurisdiction of any civil action arising under any
> Act of Congress relating to patents, plant variety protection, copyrights and trademarks.

1

Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

Plaintiff also suggests in a footnote in its reply brief that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, which states:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

There is no dispute that this Court had subject matter jurisdiction pursuant to § 1338(a) over the original copyright infringement claim that Plaintiff, with Defendants' assistance, filed in 2007. The sole question this motion to dismiss presents is whether subject matter jurisdiction pursuant to § 1338(a) or § 1331 extends to state law malpractice claims in which the litigation allegedly botched by the defendants involved a federal copyright infringement claim.

The elements of legal malpractice actions in Illinois are well established. The plaintiff client must plead and prove that the defendant attorneys owed the plaintiff client a duty of care arising from the attorney-client relationship, that the defendants breached that duty, and that as a proximate result, the client suffered damage. *Northern Illinois Emergency Physicians v. Landau Omahona & Kopka, Ltd.*, 837 N.E.2d 99, 297 Ill.Dec. 319 (2005). "Where the alleged legal malpractice involves litigation, no actionable claim exists unless the attorney's negligence resulted in the loss of an underlying cause of action. If the underlying action never reached trial because of the attorney's negligence, the plaintiff is required to prove that but for the attorney's negligence, the plaintiff would have been successful in the underlying action. A legal malpractice plaintiff must therefore litigate 'a case within a case.'" *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 856 N.E.2d 389, 305 Ill.Dec. 584 (2006). As a result, litigation of Plaintiff's malpractice claim might require the factfinder to determine whether Plaintiff's

copyright infringement action would have prevailed against Northwestern University and the other defendants in the underlying case.

A federal question exists "only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (construing § 1331); *see also Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (similarly construing § 1338(a)).  Plaintiff argues that resolution of the state malpractice claim will require "the resolution of a substantial question of federal law," but whether this is so is far from clear.  To the best of this Court's knowledge, neither the Seventh Circuit nor other circuit courts have ruled on whether federal courts have subject matter jurisdiction over state law malpractice claims that might require the resolution of underlying copyright infringement claims.  However, in *Singh v. Duane Morris LLP*, 538 F.3d 334 (5th Cir. 2008), the Fifth Circuit ruled on a sufficiently analogous issue—whether subject matter jurisdiction exists over state law malpractice claims that might require the resolution of underlying *trademark* infringement claims—and this Court will follow the reasoning therein.

In *Singh*, a former client (Singh) sued his former attorney in Texas state court on a state law malpractice claim. The defendant removed to federal court. Singh asserted that attorney was negligent for failing to introduce evidence that would have established that client's mark had a secondary meaning (which might have changed the outcome of the underlying trademark infringement claim).  Like Illinois malpractice law, Texas malpractice law would have required a "suit within a suit" to prove that Singh would have prevailed on his underlying cause of action. In determining whether the district court had subject matter jurisdiction under 28 U.S.C. §§ 1331

or 1338(a), the Fifth Circuit quoted the Supreme Court's recent statement on the matter in

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 309, 125 S.Ct.

2363, 2365 (2005): "[T]he question is, does a state-law claim necessarily raise a stated federal

issue, actually disputed and substantial, which a federal forum may entertain without disturbing

any congressionally approved balance of federal and state judicial responsibilities." The *Singh*

court then extrapolated four requirements for federal question jurisdiction from this statement:

"In other words, federal question jurisdiction exists where (1) resolving a federal issue is

necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the

federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and

state judicial responsibilities." *Singh*, 538 F.3d at 338.

Applying *Grable* as interpreted by *Singh*, this Court finds that it does not have subject

matter jurisdiction under 28 U.S.C. §§ 1331 or 1338(a) to hear Plaintiff's malpractice claim.

First, the federal issue here is not substantial. "Federal jurisdiction demands not only a contested

federal issue, but a substantial one, indicating a serious federal interest in claiming the

advantages thought to be inherent in a federal forum." *Singh*, 538 F.3d at 338 (quoting *Grable*,

545 U.S. at 313, 125 S.Ct. 2363). The federal interest in regulating attorney malpractice is

minimal compared to the state interest; the Copyright Act provides no remedies for aggrieved

clients to recover against negligent copyright attorneys. Adjudication of the case would not

require the resolution of an important issue of federal law, since copyright infringement is a fact-

based inquiry.

Plaintiff argues for federal jurisdiction by relying on cases involving and applying the

policies of the federal patent laws, cases such as *Air Measurement Techn., Inc. v. Akin Gump*

*Strauss Hauer & Feld, LLP*, 504 F.3d 1262 (Fed. Cir. 2007), *Immunocept, LLC v. Fulbright &*

4

*Jaworski, LLP*, 504 F.3d 1281 (Fed. Cir. 2007), and *Christianson v. Colt Indus. Operating Corp,*

486 U.S. 800, 108 S. Ct. 2166, 100 L.Ed.2d 811 (1988).  Patent law requires uniformity so

inventors know how to distinguish their inventions from prior art, and consistency in how courts

will construe their claims as written.  Federal courts are viewed as having developed a special

competency in matters of patent law.  The special proficiency and experience of federal courts in

patent construction, and the perceived need for uniformity and consistency in application of the

patent laws, is unnecessary in copyright litigation, which is fact-based and does not involve the

legal construction of written claims or the practical and hopefully consistent analysis of the

teachings of prior art.  For these reasons, this Court finds circuit court cases dealing with subject

matter jurisdiction in malpractice cases involving trademark law to be more analogous to the

present situation than those cases involving patent law.  Like the *Singh* found with respect to

trademark law, this Court finds that simply because the resolution of a state law malpractice

claim might require the factfinder to consider the underlying copyright infringement claim does

not make the federal issue substantial enough to justify federal jurisdiction.

A federal court's adjudication of the state malpractice claim would disturb the balance of

federal and state judicial responsibilities.  Legal malpractice actions are traditionally the domain

of state law.  *Singh*, 538 F.3d at 339.  Furthermore, because Illinois law requires malpractice

plaintiffs to prove that they would have prevailed on their prior suits, Plaintiff's argument would

require federal jurisdiction to extend to all instances in which a lawyer commits alleged

malpractice during the litigation of a federal claim; such a result would clearly upend the balance

of state and federal judicial responsibilities.

Nor are state courts unsuitable for copyright infringement claims.  Unlike patent claims,

as described above, copyright claims do not require the special expertise of the federal courts.  If

infringement by non-parties is the "federal issue" it is alleged only as part of the "case within the case," and a determination of that issue will not be a complex exercise that requires any court's peculiar expertise. Copyright infringement and damages are jury issues. See *Video Views, Inc. v. Studio 21 Ltd.*, 925 F.2d 1010, 1015 (7th Cir. 1991) ("little question that the right to a jury trial exists in a copyright infringement action when the copyright owner endeavors to prove and recover its actual damages"), *overruled by Fogerty v. Fantasy*, 510 U.S. 517, 114 S.Ct. 1023 (1994)[1]; *Feltner v. Columbia Pictures Television*, 523 U.S. 340, 353, 118 S.Ct. 1279, 1287, 140 L.Ed.2d 438 (1998). ("[W]e must conclude that the Seventh Amendment provides a right to a jury trial where the copyright owner elects to recover statutory damages."). In fact, Plaintiff's complaint demands a jury trial, suggesting further that the expertise of a federal judge is not necessary for the resolution of the matter. State courts are qualified to decide issues of federal law such as the one presented in this situation. *See generally Hays v. Bryan Cave LLP*, 446 F.3d 712 (7th Cir. 2006) ( "The elements of legal malpractice in Illinois . . . are independent of the law under which the suit that the defendant lawyer is alleged to have muffed was brought. Issues concerning the meaning of that law are quite likely to arise in a malpractice action, but there is nothing unusual about a court having to decide issues that arise under the law of other jurisdictions.") (remanding to state court an Illinois malpractice action in which plaintiff convicted criminal would have required to prove his actual innocence, even if state court must make a "determination of meaning and scope of the federal criminal statutes under which [he] was convicted").

---

[1] *Fogerty* overruled the substantive holding of *Video Views* with respect to burdens of proof for attorney's fees, but not the statement on the right to a jury trial in copyright infringement and damage actions.

For the foregoing reasons, Defendants' Rule 12(b)(1) motion to dismiss is granted.

Enter:

/s/ David H. Coar

David H. Coar

United States District Judge

**Dated:** July 27, 2009